IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN GONZALEZ MARTINEZ,<br><br>     Petitioner,<br><br> vs.<br><br>STATE OF NEBRASKA,<br><br>     Respondent. | **8:20CV372**<br><br>**MEMORANDUM AND ORDER** |

   This matter is before the court on preliminary review of Petitioner Juan Gonzalez Martinez's Petition for Writ of Habeas Corpus (filing 1) brought pursuant to 28 U.S.C. § 2254. The court must conduct an initial review of Martinez's petition to determine whether his claims are potentially cognizable in federal court. A habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   Here, Martinez used the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. However, Martinez did not fill out the form completely. Martinez completed portions of the form identifying the judgment he challenges, but he left blank the portions for alleging the grounds on which he seeks federal habeas relief. Martinez's petition is, thus, insufficient, and the court will not act upon it. On the court's own motion, Martinez will have 30 days in which to file an amended petition for writ of habeas corpus. The court will direct the clerk of the court to send to Martinez the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody.

   The court is aware from previous submissions by Martinez that he does not speak or write English well. (*See, e.g.*, Filings 4 & 16, Case No. 19PS3000; Filing

87, Case No. 20PS3000.) Indeed, after filing his petition in this case, Martinez submitted letters to the court written in Spanish, though one letter was written in both English and Spanish as Martinez indicated he asked a friend to translate the letter for him. (Filings 8–10; *see also* Filing 9 at CM/ECF p. 4.) However, Martinez previously filed a habeas petition under 28 U.S.C. § 2241 utilizing the form AO 242 that was filled out in English. (Filing 1, Case No. 19CV268.) Thus, it appears Martinez is able to receive some assistance in his institution either from a legal aide or an inmate that speaks both Spanish and English, and Martinez is encouraged to seek such assistance or the assistance of his case worker in completing an amended habeas petition that clearly sets for his grounds for relief. If Martinez is unable to obtain assistance in completing his amended petition, then he should inform the court.

In amending his petition, Martinez must also name a proper respondent. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Martinez failed to name any respondent and the court supplied the State of Nebraska as a placeholder given Martinez's Nebraska conviction. Because public records show that Martinez is in the custody of the Nebraska Department of Correctional Services ("NDCS"),[1] it appears Scott R. Frakes, Director of the NDCS, would be the proper respondent.

Martinez has also filed what the court construes as a motion seeking the court's assistance in delaying his possible deportation from this country and the opportunity to visit a church and his children before he is deported. (Filing 10.) The court cannot grant such relief and will, thus, deny the motion.

---

[1] *See* Nebraska Department of Correctional Services Inmate Information Locator, https://dcs-inmatesearch.ne.gov/Corrections/COR_input.html.

IT IS THEREFORE ORDERED that:

1. The pending Petition (filing 1) is deemed insufficient and the court will not act upon it.

2. By **March 3, 2021**, Petitioner shall file an amended petition for writ of habeas corpus that clearly sets forth all his grounds for relief and names a proper respondent. Petitioner is encouraged to use the enclosed official Form AO 241. To avoid confusion, any document Petitioner sends to the clerk of the court for filing in this case must clearly display the case number. Failure to file an amended petition in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

3. The clerk of the court is directed to send to Petitioner the Form AO 241 ("Petition for Relief From a Conviction or Sentence By a Person in State Custody").

4. The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **March 3, 2021**: Check for amended petition.

5. Petitioner's correspondence (filing 10), construed as a motion, is denied.

Dated this 1st day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge