IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN GONZALEZ MARTINEZ,<br><br>              Petitioner,<br><br>vs.<br><br>MICHELLE WILHELM,[1]<br><br>              Respondent. | 8:20CV372<br><br>**MEMORANDUM AND ORDER** |

       On May 28, 2021, the court appointed the Federal Public Defender to represent Petitioner Juan Gonzalez Martinez pursuant to 18 U.S.C. § 3006A(a)(2)(B) and directed the Federal Public Defender to file an amended habeas petition, if appropriate, within 30 days. Upon motion, the deadline for filing an amended petition ultimately was extended to December 13, 2021. On December 14, 2021, Petitioner, by and through his counsel, filed his Amended Petition for Writ of Habeas Corpus (filing 30) brought pursuant to 28 U.S.C. § 2254.[2] The petition, as amended, asserts the following claims:

       Claim One:       Petitioner's Due Process rights were violated by the trial court's submission of evidence of sexual contact that occurred outside of the charged conduct and jurisdiction of the charges.

---

       [1] Petitioner's Amended Petition (filing 30) now names Michelle Wilhelm as the Respondent in this matter. Accordingly, the court will direct the clerk's office to update the court's records to reflect that Michelle Wilhelm is the sole named respondent.

       [2] It appears the Amended Petition (filing 30) was mistakenly docketed as a motion. The court will direct the clerk's office to terminate the motion event and amend the docket text to reflect that Filing 30 is simply the Amended Petition.

Claim Two: The trial court erred by overruling Petitioner's motion to suppress and in admitting translations of Petitioner's out of court Spanish statements under a language conduit theory in violation of Petitioner's Due Process rights and the Fifth Amendment of the Constitution.

Claim Three: The trial court's exclusion of reliable evidence consisting of statements made by M.F.[3] to her teacher-violated petitioner's rights to due process, a fair trial and to present a defense in violation of his Fourteenth and Sixth Amendment.

Claim Four: Admission of Petitioner's out of court statements as well as Petitioner's video-recorded statements was in violation of the constitutional safeguards of *Miranda v. Arizona* and the Fifth, Sixth and Fourteenth Amendments to the Constitution.

Claim Five: Petitioner's due process rights under the Fourteenth Amendment and his Sixth Amendment right to a fair and impartial trial were violated by the trial court's submission of the charges against Petitioner to the jury when no rational factfinder could have found the elements of those charges to be proven beyond a reasonable doubt.

Claim Six: Cumulative errors at Petitioner's trial proceeding resulted in an unconstitutionally imposed guilty verdict, depriving Petitioner of a fair and reliable guilt determination in

---

[3] The court will refer to the minor victim by the initials M.F. and, on its own motion, will direct the clerk's office to restrict the Amended Petition as it contains the minor victim's full name.

                                        violation of his rights to due process, fair trial, unbiased jury, effective assistance of counsel, to present a defense, to confront and cross-examine, to a reliable determination of guilt, and to meaningful appellate review as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim Seven:     The Petitioner received an excessive sentence in violation of the Eighth Amendment of the Constitution.

Claim Eight:     Trial Counsel was ineffective for failing to make adequate objections during trial and at the appellate level in violation of Petitioner's Sixth and Fourteenth Amendment Rights.

Claim Nine:     Trial Counsel was ineffective for failing to raise on direct appeal that trial counsel was ineffective.

In light of the amended petition, the court will progress this matter as set forth below.

IT IS THEREFORE ORDERED that:

1. By **January 31, 2022**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **January 31, 2022**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on counsel for Petitioner at the time they are filed with the court as provided in Rule 5 of the Federal Rules of Civil Procedure. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the court by filing a notice stating that she will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies

with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

3. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

   A. By **January 31, 2022**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

   B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

   C. Copies of the answer, the designation, and Respondent's brief must be served on counsel for Petitioner at the time they are filed with the court as provided in Rule 5 of the Federal Rules

of Civil Procedure. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the court by filing a notice stating that she will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **March 2, 2022**: check for Respondent's answer and separate brief.

4. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

5. The clerk of the court is directed to terminate the motion event associated with Filing 30 and to delete the word "MOTION" from the docket text to reflect that Filing 30 is Petitioner's Amended Petition.

6. The clerk of the court is directed to update the court's records to reflect that Michelle Wilhelm is the sole named respondent in this action.

7. The clerk of the court is further directed to restrict the Amended Petition, Filing 30, as it contains a minor victim's full name.

Dated this 15th day of December, 2021.

                                      BY THE COURT:

                                      *Richard G. Kopf*

                                      Richard G. Kopf
                                      Senior United States District Judge