IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JUAN GONZALEZ MARTINEZ,

    Petitioner,

vs.

MICHELLE WILHELM,

    Respondent.

8:20CV372

**MEMORANDUM AND ORDER**

  This matter is before the Court on Petitioner Juan Gonzalez Martinez's ("Gonzalez Martinez" or "Petitioner") Motion for Stay to Exhaust State Claims filed on May 6, 2022. Filing No. 41. This matter was reassigned to the undersigned on December 15, 2022, after the retirement of the Honorable Richard G. Kopf. For the reasons discussed below, Petitioner's motion is granted.

### I. BACKGROUND

  On May 24, 2018, the State of Nebraska filed an information against Gonzalez Martinez for three counts of first degree sexual assault upon his daughter, M.F., who was born in 1995. Filing No. 35-2 at 4; Filing No. 35-5 at 3–7. A jury trial was held at which a verdict of acquittal was directed on counts 2 and 3, and the jury found Gonzalez Martinez guilty of count 1 on June 17, 2019. Filing No. 35-2 at 4–5; Filing No. 35-5 at 130. On July 23, 2019, the District Court of Lancaster County, Nebraska sentenced Gonzalez Martinez to 30 to 40 years' imprisonment. Filing No. 35-5 at 142–144.

  Gonzalez Martinez filed a direct appeal on August 5, 2019, and was represented by the same counsel on appeal as had represented him at trial. Filing No. 30 at 2; Filing No. 35-1 at 2. On appeal, Gonzalez Martinez argued that the state district court erred

when (1) it admitted translations of Gonzalez Martinez's out-of-court statements under a language conduit theory, (2) it failed to admit the statements of M.F. and M.F.'s teacher as residual hearsay, (3) it admitted evidence of sexual contact that occurred outside of the time period and geographical jurisdiction of the charges, and (4) it admitted the videotaped law enforcement interview in violation of Gonzalez Martinez's *Miranda* rights. Filing No. 35-2 at 7; Filing No. 35-3 at 8–9. Gonzalez Martinez also argued that (5) the evidence was insufficient to sustain a conviction for first degree sexual assault and (6) the state district court abused its discretion by imposing an excessive sentence. Filing No. 35-2 at 7; Filing No. 35-3 at 9. In a published opinion filed on July 17, 2020, the Nebraska Supreme Court affirmed Gonzalez Martinez's conviction and sentence, and the mandate issued on August 3, 2020. Filing No. 35-1 at 4; Filing No. 35-2; *see also State v. Martinez*, 946 N.W.2d 445 (Neb. 2020).

Gonzalez Martinez received a copy of the Nebraska Supreme Court's opinion via a letter from his counsel dated July 20, 2020. Filing No. 43-1. The letter was written in Spanish and English and informed Gonzalez Martinez that he had lost his appeal, that any petition for further review would likely be futile, and that he would have to hire a private attorney or proceed on his own in any petition for further review because counsel's representation had ended. *Id*. Counsel concluded the letter by suggesting to Gonzalez Martinez that he "may want to investigate post-conviction relief if [he] want[ed] to pursue further review in this case." *Id*. Counsel did not advise Gonzalez Martinez of the nature of a state postconviction proceeding or the deadline for filing one. Gonzalez Martinez did not thereafter file any postconviction motion or other request for collateral relief in the state courts. Filing No. 30 at 4.

Gonzalez Martinez filed a habeas petition pursuant to 28 U.S.C. § 2254 in this Court on September 18, 2020. Filing No. 1. On October 10, 2020, Gonzalez Martinez sent a letter to the Court, which was written in Spanish and translated by the Court interpreter into English. Filing No. 8. Gonzalez Martinez wrote that he did not know what was going on with his case, that he did not know who his lawyer was, and that he basically did not know anything. *Id*. Other letters of a similar nature followed, in which Gonzalez Martinez asked for permission to visit his children, expressed concern that he would be sent out of the country, recited short prayers, relayed a Facebook post from his daughter, and again said that he did not know what to do or who his lawyer was. Filing Nos. 9, 10, 12, & 13.

The Court conducted a preliminary review of the petition on February 1, 2021, and determined the petition was insufficient as Gonzalez Martinez had left the majority of the Form AO 241 petition blank, identifying only the judgment he challenged but none of the grounds on which he sought federal habeas relief. Filing No. 11. The Court gave Gonzalez Martinez leave to file an amended petition that clearly set forth all his grounds for relief. In recognition of his limited ability to speak or write English, the Court encouraged Gonzalez Martinez to seek assistance in his institution from an individual that speaks both Spanish and English in completing an amended petition and to inform the Court if was unable to obtain such assistance. Filing No. 11 at 2. Gonzalez Martinez filed an amended petition on February 9, 2021, that was essentially identical to his original petition in that it was mostly blank and did not identify the grounds for relief. Filing No. 14. Gonzalez Martinez also filed correspondence that the Court construed as a motion for the appointment of counsel, Filing No. 15, and, on May 28, 2021, the Court appointed

the Federal Public Defender to represent Gonzalez Martinez and directed counsel to enter an appearance and, if appropriate, file an amended habeas petition. Filing No. 18.

In the brief in support of the Motion for Stay, counsel for Gonzalez Martinez indicates that communication with Gonzalez Martinez was difficult from the outset due to counsel's difficulties in communicating with the Lincoln County Jail in North Platte, Nebraska where Gonzalez Martinez was housed and the facility's refusal to facilitate phone calls between counsel and Gonzalez Martinez. Filing No. 42 at 4–5. Due to these delays, and without any opposition from Respondent, counsel for Gonzalez Martinez requested and received extensions of time to file an amended petition. *See* Filing Nos. 21, 24, 26, 28, & Text Orders 23, 25, 27, & 29. On December 14, 2021, Gonzalez Martinez, through counsel, filed his Amended Petition for Writ of Habeas Corpus ("Amended Petition"). Filing No. 30.

On December 15, 2021, the Court entered a Memorandum and Order in which it set out the claims alleged in the Amended Petition as follows:

Claim One: Petitioner's Due Process rights were violated by the trial court's submission of evidence of sexual contact that occurred outside of the charged conduct and jurisdiction of the charges.

Claim Two: The trial court erred by overruling Petitioner's motion to suppress and in admitting translations of Petitioner's out of court Spanish statements under a language conduit theory in violation of Petitioner's Due Process rights and the Fifth Amendment of the Constitution.

4

| | |
|---|---|
| Claim Three: | The trial court's exclusion of reliable evidence consisting of statements made by M.F. to her teacher violated petitioner's rights to due process, a fair trial and to present a defense in violation of his Fourteenth and Sixth Amendment. |
| Claim Four: | Admission of Petitioner's out of court statements as well as Petitioner's video-recorded statements was in violation of the constitutional safeguards of *Miranda v. Arizona* and the Fifth, Sixth and Fourteenth Amendments to the Constitution. |
| Claim Five: | Petitioner's due process rights under the Fourteenth Amendment and his Sixth Amendment right to a fair and impartial trial were violated by the trial court's submission of the charges against Petitioner to the jury when no rational factfinder could have found the elements of those charges to be proven beyond a reasonable doubt. |
| Claim Six: | Cumulative errors at Petitioner's trial proceeding resulted in an unconstitutionally imposed guilty verdict, depriving Petitioner of a fair and reliable guilt determination in violation of his rights to due process, fair trial, unbiased jury, effective assistance of counsel, to present a defense, to confront and cross-examine, to a reliable determination of guilt, and to meaningful appellate review as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. |

| | |
|---|---|
| Claim Seven: | The Petitioner received an excessive sentence in violation of the Eighth Amendment of the Constitution. |
| Claim Eight: | Trial Counsel was ineffective for failing to make adequate objections during trial and at the appellate level in violation of Petitioner's Sixth and Fourteenth Amendment Rights. |
| Claim Nine: | Trial Counsel was ineffective for failing to raise on direct appeal that trial counsel was ineffective. |

Filing No. 31. The Court also progressed this matter and directed Respondent to file a motion for summary judgment or an answer in response to the Amended Petition and outlined the parties' briefing deadlines. *Id.*

Respondent filed a Designation of State Court Records in Support of Answer, Filing No. 35, on January 31, 2022, followed by an answer, Filing No. 36, and brief, Filing No. 37, on February 23, 2022. In relevant part, Respondent contends that all of Gonzalez Martinez's habeas claims, except for Claim Five and a portion of Claim Four, are procedurally defaulted. Filing No. 37 at 10.

Instead of filing a brief in response to Respondent's answer and brief, Gonzalez Martinez, through counsel, filed a Motion for Stay to Exhaust State Claims, Filing No. 41, a brief, Filing No. 42, and an index in support of the motion, Filing No. 43. Gonzalez Martinez asserts that he has presented a "mixed" petition with some exhausted and some unexhausted claims and is entitled to a stay of these proceedings under *Rhines v. Weber*, 544 U.S. 269 (2005). Gonzalez Martinez requests that the Court stay these habeas proceedings so he may return to state court to exhaust his state court remedies and, upon

return from state court, that the Court grant him leave to file a second amended habeas petition to include any claims considered and decided by the state courts. Filing No. 41.

## II. DISCUSSION

Gonzalez Martinez contends that the Amended Petition is a "mixed petition," that is, "one in which some claims have been fully exhausted in state court and others have not." *White v. Dingle*, 616 F.3d 844, 846 (8th Cir.2010). Gonzalez Martinez specifically identifies his ineffective assistance of counsel claims as unexhausted. Filing No. 42 at 7. Gonzalez Martinez further argues that "the other claims that were not raised on direct appeal" are attributable to the ineffective assistance of his appellate counsel. *Id.* The Court, thus, understands Gonzalez Martinez's argument to be that all of his habeas claims, except for Claim Five and the portion of Claim Four that Respondent identified as exhausted, *see* Filing No. 37 at 18–22, are unexhausted. *See* Filing No. 42 at 5. Respondent, conversely, argues that all of Gonzalez Martinez's claims are exhausted, either through procedural default or adequate presentation of the claim in the state courts. Filing No. 45. Thus, a discussion of the rules governing unexhausted claims and procedurally defaulted claims is required.

**A. Unexhausted versus Procedurally Defaulted Claims**

"An application for a writ of habeas corpus can only be granted if the applicant has exhausted all of the available state court remedies." *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *see also* 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by

7

invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts before seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented to the trial court, and then in an appeal to either the Nebraska Supreme Court directly or to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454–55 (8th Cir. 2005).

"[F]ederal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines*, 544 U.S. at 273. A claim is unexhausted if state law allows the petitioner to raise the claim by any available state court procedure. *See* 28 U.S.C. § 2254(c). As the Eighth Circuit Court of Appeals explained in *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005),

> When a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in *Rhines v. Weber*. However, if no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default" (or actual innocence . . . ).

*Armstrong*, 418 F.3d at 926 (citation omitted) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

If the habeas claims in question are procedurally defaulted, as opposed to merely unexhausted, then a stay and abeyance is not appropriate. *See Walford v. Bosch*, No. 20-CV-1637 (SRN/TNL), 2021 WL 252425 at *5 (D. Minn. Jan. 26, 2021); *Boss v. Ludwick*, 863 F. Supp. 2d 845, 856 (N.D. Iowa 2012). Accordingly, before the Court may consider whether a stay and abeyance is appropriate, the Court must first determine whether Gonzalez Martinez's habeas claims are merely unexhausted or procedurally defaulted.

**B. Nebraska Law Relevant to Procedural Default**

If a habeas claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins v. Kenney*, 410 F.3d at 456 n.1.

> The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue [2016]), is available to a defendant to show that his or her conviction was obtained in violation of his or her constitutional rights. However, the need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity.

*State v. Sims*, 761 N.W.2d 527, 533 (Neb. 2009) (citation omitted). Thus, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). *See also State v. Thorpe*, 858 N.W.2d 880, 887 (Neb. 2015) ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased."). Additionally, under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the

9

basis relied upon for relief was not available at the time the movant filed the prior motion."

*State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003).

Nebraska also has a one-year statute of limitations for bringing postconviction actions that is similar to federal law:

> (4) A one-year period of limitation shall apply to the filing of a verified motion for postconviction relief. The one-year limitation period shall run from the later of:
>
> (a) The date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal;
>
> (b) The date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence;
>
> (c) The date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action;
>
> (d) The date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or
>
> (e) August 27, 2011.

Neb. Rev. Stat. § 29-3001(4).

## C. Ineffective Assistance Claims are Unexhausted, Not Procedurally Defaulted

Both Gonzalez Martinez and Respondent agree that Claims Eight and Nine of the Amended Petition are unexhausted because Gonzalez Martinez's first opportunity to present those claims would be in a motion for postconviction relief, which Gonzalez Martinez has not filed. *State v. Williams*, 889 N.W.2d 99, 113–14 (Neb. 2017) ("[W]here

a defendant is represented both at trial and on appeal by the same lawyers, the defendant's first opportunity to assert the ineffective assistance of trial counsel is in a postconviction motion." (cleaned up)). Respondent asserts that Gonzalez Martinez is barred from presenting Claims Eight and Nine in the state courts because any postconviction motion filed now would be untimely. Filing No. 37 at 16–17. Gonzalez Martinez acknowledges that more than one year has passed since the conclusion of his direct appeal but argues that postconviction relief remains available to him. Filing No. 42 at 20–21. Essentially, the Court's analysis boils down to whether there is a non-futile state remedy available to Gonzalez Martinez to present his unexhausted ineffective assistance of counsel claims to the Nebraska state courts. See *Armstrong*, 418 F.3d at 926. For the following reasons, the Court concludes such a remedy remains and Gonzalez Martinez's ineffective assistance claims are not procedurally defaulted.

Gonzalez Martinez first submits that the state-created impediment exception to Nebraska's one-year statute of limitations applies here. See Neb. Rev. Stat. § 29-3001(4)(c). "The plain language of § 29–3001(4)(c) requires both the existence of an impediment created by state action and a showing that the impediment prevented the inmate from filing the verified motion." *State v. Shannon*, 876 N.W.2d 907, 910 (Neb. 2016). Gonzalez Martinez points to the "[c]losure of the law library due to COVID-19 [as] an example of a state-created impediment to filing." Filing No. 42 at 20. Additionally, correspondence sent by Gonzalez Martinez to the Court indicates prison guards removed some of his legal papers and court documents and he was unable to speak to any Spanish-speaking prison guards about the missing documents or receive any assistance from them. Filing No. 16 at 7–8. Gonzalez Martinez's primary language is Spanish, and

11

he was not provided access to legal materials and resources in Spanish nor were his requests to jail staff for a Spanish interpreter ever answered. Filing No. 42 at 11. All in all, Gonzalez Martinez faced overwhelming obstacles to seeking state postconviction relief. The Court cannot say for certain that the Nebraska state courts would conclude that the state-created impediment exception to the Nebraska postconviction statute of limitations would not apply under these circumstances.

Gonzalez Martinez also contends that equitable tolling of Nebraska's statute of limitations may be available to allow him to file a state postconviction motion out of time. Respondent emphasizes, and Gonzalez Martinez acknowledges, that the Nebraska Supreme Court has not held that equitable tolling applies to the one-year limitations period for filing a postconviction motion. However, the Nebraska Supreme Court has explicitly left open the question of whether equitable tolling may apply. *See State v. Hill*, 968 N.W.2d 96, 101 (Neb. 2021) ("We have not yet determined whether equitable tolling applies to postconviction proceedings under § 29-3001, and we need not do so here." (footnote omitted)); *State v. Huggins*, 866 N.W.2d 80, 87 (Neb. 2015) (same). In *State v. Hill, supra*, the Nebraska Supreme Court remarked:

> Our cases applying the equitable tolling doctrine have involved situations where a claimant was prevented from bringing a timely claim due to the alleged actions of a court or governmental entity. Thus, we have stated that "it is difficult to conceive of a circumstance outside § 29-3001(4)(c) that would support application of the equitable tolling doctrine in a postconviction motion."

*Hill*, 968 N.W.2d at 100 (footnotes omitted).

As discussed above, there are several circumstances that would support the conclusion that state-created impediments prevented Gonzalez Martinez from bringing a timely state postconviction motion. In addition, this Court's own delays in promptly

12

reviewing Gonzalez Martinez's original petition and first amended petition arguably played a role in Gonzalez Martinez not pursuing state postconviction relief sooner. On September 28, 2020, the Court informed Gonzalez Martinez that it would conduct a preliminary review of his petition in its normal course of business. Filing No. 7. However, such review was not conducted until February 1, 2021. Filing No. 11. After finding the petition insufficient, the Court directed Gonzalez Martinez to file an amended petition which he promptly did on February 9, 2021, though it suffered from the same deficiencies as the first. Filing No. 14. Over three months later, the Court appointed counsel for Gonzalez Martinez. Filing No. 18. During those intervals where he waited for the Court's review of his petitions, Gonzalez Martinez could have been reasonably lulled into believing that he was in the appropriate forum for seeking review of his conviction.

Upon careful consideration, the Court concludes that non-futile state remedies remain available to Gonzalez Martinez to exhaust his ineffective assistance of counsel claims, and those claims are, therefore, unexhausted. While Gonzalez Martinez admittedly has procedural hurdles to overcome in pursuing state postconviction relief, the Court agrees with Gonzalez Martinez that he should have an opportunity to try to do so in state court. Based on the unique circumstances in this case, the Court cannot definitively say that the Nebraska state courts would not apply equitable tolling or would not find that a state-created impediment prevented Gonzalez Martinez from timely filing his state postconviction motion. See *Simpson v. Camper*, 927 F.2d 392, 393 (8th Cir. 1991) ("Whether a state remedy is presently available is a question of state law as to which only the state courts may speak with final authority.").

**D. Stay and Abeyance**

Because the Court has determined that the Amended Petition contains unexhausted claims, the question becomes whether a stay and abeyance of these proceedings is warranted. The stay and abeyance procedure is "available only in limited circumstances." Rhines, 544 U.S. at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. When a court determines stay and abeyance is appropriate, the court's discretion is limited by timeliness concerns reflected in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Id. A mixed petition should not be stayed indefinitely. Id. at 278. Rather, the court should "place reasonable time limits on a petitioner's trip to state court and back." Id. Finally, a court should not grant a stay and abeyance to petitioners whose "unexhausted claims are plainly meritless" or who engage in "abusive litigation tactics or intentional delay." Id. at 277–78.

Upon careful consideration, the Court finds that Gonzalez Martinez has good cause for failing to exhaust his ineffective assistance of counsel claims. Gonzalez Martinez speaks primarily Spanish and does not speak or write English well. He also has demonstrated a marked difficulty in understanding and following instructions in English based on his filing of an identically insufficient first amended habeas petition despite the Court's direction to clearly set forth his grounds for relief. Gonzalez Martinez's comprehension difficulties are also evident from the competency evaluations performed during the course of his state trial proceedings, which demonstrate a severely limited

14

ability to understand court proceedings without the assistance of cues and additional clarification. Filing No. 43-2; Filing No. 43-3. Gonzalez Martinez did not receive any assistance in his primary language in the facility where he was confined nor did he have access to Spanish-language legal materials or resources.

Additionally, the Court finds that Gonzalez Martinez genuinely did not know that he must first seek state postconviction relief before filing for federal habeas relief. In the letter concluding her representation, Gonzalez Martinez's state appellate counsel made a single, general reference to "post-conviction relief" but did not explain what that meant, that postconviction relief was available in both state and federal court, nor did she explain any time limits applicable to postconviction proceedings. Filing No. 43-1. As discussed above, Gonzalez Martinez could reasonably believe he was pursuing "post-conviction relief" as his counsel suggested by filing his habeas petition in this Court and being informed that the Court would review his petition.[1]

Given the foregoing circumstances, the Court finds that Gonzalez Martinez should be given a reasonable opportunity to pursue his ineffective assistance of counsel claims in state court before this matter proceeds further. The Court finds a stay is also appropriate as Gonzalez Martinez's claims are not clearly meritless, and there is absolutely no indication that Gonzalez Martinez has intentionally delayed litigation or engaged in dilatory or abusive tactics, particularly considering his language barrier and the lack of resources available to him in his facility.

---

[1] Indeed in its review of Gonzalez Martinez's initial habeas petition, this Court should have recognized that state postconviction relief was likely still available to him based on the timing of the conclusion of his direct appeal and the filing of his habeas petition, despite Gonzalez Martinez's failure to assert any claims for relief in his petition.

These proceedings will not be stayed indefinitely. The Supreme Court advised district courts to "place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, Gonzalez Martinez must pursue state court remedies within 60 days of the date this Memorandum and Order is entered, and he must return to federal court within 60 days of the date his state court exhaustion is completed.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Stay to Exhaust State Claims, Filing No. 41, is granted. The Court exercises its discretion and will stay these proceedings for a limited time.

2. Petitioner must pursue state remedies by May 30, 2023, and he must return to federal court within 60 days of the date his state court exhaustion is completed. Should Petitioner not pursue state court remedies by May 30, 2023, the Court will lift the stay and proceed accordingly. Counsel for Petitioner is directed to assist Petitioner with pursuing his state court remedies in accordance with 18 U.S.C. § 3006A(a)(2)(B).

3. Both parties shall file written reports by June 6, 2023, advising the Court as to the status of the state court proceedings. The parties shall file written status reports every ninety (90) days thereafter until the state court proceedings are concluded.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **June 6, 2023**: check for parties' status reports.

Dated this 29th day of March, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge