IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN GONZALEZ MARTINEZ,<br><br>            Petitioner,<br><br>vs.<br><br>MICHELLE WILHELM,<br><br>            Respondent. | 8:20CV372<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Respondent's Motion for Progression Order. Filing No. 64. On March 29, 2023, the Court granted Petitioner's motion for stay and allowed him to return to the state courts to attempt to exhaust his ineffective assistance of counsel claims. Filing No. 47. The Court ordered Petitioner to pursue his state court remedies by May 30, 2023, and then to return to federal court within 60 days of the date his state court exhaustion was completed. *Id*. at 16. The Court also ordered the parties to file written status reports by June 6, 2023, and every 90 days thereafter, until the state court proceedings were concluded. *Id*. The parties' last status reports were filed on December 2 and December 3, 2024, respectively, and indicated that Petitioner's state court proceedings had concluded as of November 20, 2024, when the Nebraska Supreme Court denied his petition for further review. Filing No. 62; Filing No. 63. Respondent filed the present Motion for Progression Order on March 4, 2025, asking the Court to issue an order progressing this case. There being no opposition from Petitioner or other indication why this case should not resume,

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Progression Order, Filing No. 64, is granted.

2. The stay entered in this case on March 29, 2023, is lifted.

3. Petitioner shall have until **April 18, 2025,** to file an amended petition if Petitioner so chooses. If Petitioner intends to proceed on the current petition, Filing No. 30, Petitioner shall file a notice of such intention by **April 18, 2025**.

4. No later than 30 days following the filing of Petitioner's amended petition or notice to proceed on the current petition, Respondent must file a motion for summary judgment or state court records in support of an answer, including any state court records from Petitioner's state court proceedings since the stay was entered in this case.

5. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

   A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

   B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment." Respondent may incorporate into the designation any state court records previously filed with the Court by reference.

   C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the

designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with the terms of this order set forth below. The documents must be filed no later than 30 days after the denial of the motion for summary judgment.

6. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. No later than 30 days following the filing of Petitioner's amended petition or notice to proceed on the current petition, Respondent must file all state court records that are relevant to the cognizable claims.

*See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer." Respondent may incorporate into the designation any state court records previously filed with the Court by reference.

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner

4

        needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

7.    No discovery shall be undertaken without leave of the Court.

8.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **April 18, 2025**: check for Petitioner's amended petition or notice.

Dated this 19th day of March, 2025.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge