IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN GONZALEZ MARTINEZ,<br><br>Petitioner,<br><br>vs.<br><br>SHAUN SETTLES,[1]<br><br>Respondents. | 8:20CV372<br><br>**MEMORANDUM AND ORDER** |

On March 19, 2025, the Court lifted the stay in this case and gave Petitioner leave to file an amended petition by April 18, 2025. Filing No. 65. Upon motion, the deadline for filing an amended petition was ultimately extended to July 9, 2025. *See* Filing No. 74. On July 9, 2025, Petitioner, by and through his counsel, filed his Third Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Filing No. 75. The petition, as amended, asserts the following claims:

Claim One: The admission of trial testimony describing alleged sexual acts that occurred in Mexico denied Juan Gonzalez Martinez his right to due process of law, effective counsel and a fair trial as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

Claim Two: The admission of translations of Gonzalez Martinez's out-of-court statements violated his right to due process of law, a fair trial, and to confront witnesses in violation of the Fifth, Sixth,

---

[1] Petitioner's Third Amended Petition, Filing No. 75, names Shaun Settles as the sole respondent in this matter. Accordingly, the Court will direct the Clerk's office to update the Court's records to reflect that Shaun Settles is the sole named respondent.

|  |  |
|---|---|
|  | and Fourteenth Amendments to the United States Constitution. |
| Claim Three: | The trial court's exclusion of statements by Cindy West and M.F. that someone other than Gonzalez Martinez sexually assaulted M.F. violated Gonzalez Martinez's rights to due process of law, a fair trial, and to present a defense in violation of his Fifth, Sixth and Fourteenth Amendment rights to the United States Constitution. |
| Claim Four: | The admission of statements Gonzalez Martinez made during police interrogation deprived Gonzalez Martinez of his rights against self-incrimination, his right to due process of law, and his right to a fair trial, in violation of the constitutional safeguards of *Miranda v. Arizona*, Fifth, Sixth and Fourteenth Amendments to the Constitution. |
| Claim Five: | Gonzalez Martinez was denied his right to due process of law and a fair trial under the Fifth and Fourteenth Amendments to the United States Constitution when the trial court permitted Count 1 to go to the jury despite insufficient evidence of sexual assault. |
| Claim Six: | The state district court imposed an excessive sentence in violation of the Eighth Amendment to the United States Constitution. |

Claim Seven:[2]      Trial counsel's cumulative errors and omissions in preparation for, and during, the course of the trial violated Gonzalez Martinez's right to due process, fair trial, unbiased jury, effective assistance of counsel, to present a defense, to confront and cross-examine, to a reliable determination of guilt, and to meaningful appellate review as guaranteed by the Fifth, Sixth and Fourteenth Amendment to the United States Constitution.

Claim Eight:      Trial counsel provided ineffective assistance of counsel on appeal, thereby denying Gonzalez Martinez his rights under the Fifth, Sixth and Fourteenth Amendment to the United States Constitution.

In light of the amended petition and in accordance with the Court's previous orders, Filing Nos. 65 & 74, the Court will progress this matter as set forth below:

IT IS THEREFORE ORDERED that:

1. By **August 11, 2025**, Respondent must file a motion for summary judgment or state court records in support of an answer, including any state court records from Petitioner's state court proceedings since the stay was entered in this case. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **August 11, 2025**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

---

[2] It appears this claim was inadvertently mislabeled as "Claim 8" in the Third Amended Petition on page 15, as the actual "Claim 8" appears on page 23. *See* Filing No. 75 at 15 and 23.

2. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

    A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

    B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment." Respondent may incorporate into the designation any state court records previously filed with the Court by reference.

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. *See* the following paragraph. The documents must be filed no later than 30 days after the denial of the motion for summary judgment.

3.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A.    By **August 11, 2025**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer." Respondent may incorporate into the designation any state court records previously filed with the Court by reference.

5

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response.

    E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **September 10, 2025**: check for Respondent's answer and separate brief.

4. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

5. The Clerk of the Court is directed to update the Court's records to reflect that Shaun Settles is the sole named respondent in this action.

Dated this 11th day of July, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge